**Paul and Linda BUSCH, Plaintiffs,**

v.

**Craig CARPENTER, George R. Jensen, and Ronald Burnett, Defendants.**

**No. C82–0607A.**

United States District Court,
D. Utah, C.D.

Sept. 28, 1984.

---

Wallace T. Boyack, Boyack & Hansen, Salt Lake City, Utah, for plaintiffs.

Edward T. Wells, Bottum & Wells, Salt Lake City, Utah, for defendants.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

ALDON J. ANDERSON, Chief Judge.

Plaintiffs and defendants moved for summary judgment. Plaintiffs alleged two causes of action. First, that defendants violated section 12(1) of the Securities Act of 1933. Second, a pendent state claim, that the defendants violated section 25110 of the California Corporate Securities Law. Defendants assert that they are exempt from the proscriptions of the 1933 Act because the offering was sold only to residents of Utah and therefore it was an intrastate offering not subject to 12(1). Section 3(a)(11) exempts securities which are sold only to persons resident within a single state, "where the issuer of such security is a person resident and doing business within or, if a corporation, incorporated by, and doing business within, such state or territory." 15 U.S.C.A. § 77c(a)(11).

In October and November 1980 Sonic Petroleum sold 25,000,000 shares of stock solely to Utah residents. In May of 1981 Sonic was merged into Mason Oil Company. In June 1981 defendant Carpenter purchased 76,000 shares of Mason stock on behalf of Paul and Linda Busch. The issue presented for resolution is whether a resale of an intrastate offering seven months after all shares were sold to Utah residents voids the intrastate exemption.

The statute by its literal language does not make the exemption dependent on not reselling the stock. This Court previously dismissed an S.E.C. complaint that alleged that all stock was sold only to residents of Utah and a subsequent resale took place

**520**

one month later. *S.E.C. v. Curtis Minerals*, No. C–336–69 (Nov. 19, 1971 D.Utah). The Court is of the opinion that the seven month period from the time of initial sale to the time of resale is sufficient for the offering to come to rest. Plaintiffs argue that Rule 147 requires nine months before a resale can be made. The Court concludes that Rule 147 provides only a safe harbor; compliance with its provisions ensures that the S.E.C. will take no action. But it does not follow, as plaintiffs argue, that noncompliance necessarily means that the statute and its policies have been violated. There was no allegation of any fraud, scheme or other plan to circumvent the policies of the intrastate exemption through a straw person sale. Rule 147 has been criticized as overly restrictive. *See, e.g.,* Bennett, *The Proposed Federal Securities Code: "Local Distributions,"* Utah Bar Journal Winter 1979, Summer 1980.

From these facts it appears that the defendants were not the sellers of the stock to the plaintiffs, and not in privity with them. Plaintiffs show no rationale justifying holding defendants liable merely because they were officers at the time of the original offering.

At the time the initial sale occurred, the stock was sold only to Utah residents, the Company did business in Utah, and was incorporated in Utah. Accordingly, defendants have complied with section 3(a)(11) and their motion for summary judgment is GRANTED.

Plaintiffs' pendent state law claim is not sufficiently developed to justify its retention. Discovery has not been completed and the trial has not been held. Accordingly, it is also dismissed under authority of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), which grants the district court discretion to dismiss without prejudice pendent claims when the federal claims are dismissed before trial. *Daniels v. All Steel Equipment, Inc.*, 590 F.2d 111 (5th Cir.1979). Therefore, plaintiffs' pendent state claim is dismissed without prejudice.